UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STANLEY EARL DAVIS,

      Petitioner,

Civil Action No. 10-CV-10004

HON. BERNARD A. FRIEDMAN

v.

NICK LUDWIG,

      Respondent.

_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS

Petitioner has filed a *pro se* application for a writ of habeas corpus pursuant to 28

U.S.C. § 2254. Petitioner challenges his convictions for two counts of felonious assault, Mich.

Comp. Laws § 750.82; and being a third felony habitual offender, Mich. Comp. Laws § 769.11. For

the reasons stated below, the Court shall deny the petition.


## I. Background

Petitioner was convicted of the above offenses following a jury trial in Oakland

County Circuit Court. This Court recites verbatim the relevant facts relied upon by the Michigan

Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1).

> At trial, the victim testified that on January 27, 2005, defendant, her
> ex-boyfriend, hit her in the face with a brick. She described it
> alternatively as a "grayish rock or brick" and "a blunt object" and
> testified that it was definitely not a fist that hit her. The teeth in her
> partial plate were broken and her lip and eyebrow were cut as a result
> of the impact, necessitating medical treatment. The parties stipulated
> to the entry of the victim's medical records at trial.

*People v. Davis,* 2007 WL 778494, at *1 (Mich.Ct.App. Mar. 15, 2007). Petitioner's conviction was

affirmed on appeal. *See id., lv. den.* 480 Mich. 855 (2007). Petitioner then filed a post-conviction

motion for relief from judgment pursuant to MCR 6.500, *et. seq,* which was denied. *See People v.*

*Davis*, No. 2005-202766-FH (Oakland County Cir. Ct., Apr. 24, 2008). Thereafter, the Michigan

appellate courts denied petitioner leave to appeal. *See People v. Davis*, No. 285989 (Mich.Ct.App.

Jan. 16, 2009); *lv. den.* 484 Mich. 867 (2009).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. The trial court erred by failing to instruct the jury on the lesser included offense of assault and battery.

II. The trial court erred by failing to properly arraign Petitioner by complaint and warrant, or by jury indictment. Further, Petitioner's right to due process was violated by the trial court's error.

III. Petitioner was denied his right to the effective assistance of counsel at the preliminary examination when his appointed counsel failed to object to Petitioner's alleged improper arraignment.


## II. <u>Legal Standards</u>

Under 28 U.S.C. § 2254(d), the following legal standards apply in habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A state court decision is "contrary to" Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in our cases" or "if the state court confronts a set of facts that are materially indistinguishable from a [Supreme Court] decision . . . and nevertheless arrives at a result different from our precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" of Supreme Court precedent occurs "when a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Id.* at 409.

The Supreme Court has explained that a "federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 130 S. Ct. 1855, 1862 (2010). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011). "[E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* Further, pursuant to § 2254(d) "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.*

"[I]f this standard is difficult to meet, that is because it was meant to be." *Harrington,* 131 S. Ct. at 786. Section 2254(d) preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the  Supreme Court's precedents. *Id.* Indeed, "[s]ection

3

2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id*. Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87.

### III. <u>Discussion</u>

#### A. <u>Claim # 1:  The lesser included offense instruction claim.</u>

Petitioner first contends that he is entitled to habeas relief because the trial court refused to instruct the jurors on the lesser included misdemeanor offense of assault and battery.

The United States Supreme Court has declined to determine whether the Due Process Clause requires that a state trial court instruct a jury on a lesser included offense in a non-capital case. *See Adams v. Smith,* 280 F. Supp. 2d 704, 717 (E.D. Mich. 2003), *citing Beck v. Alabama,* 447 U.S. 625, 638 n.4 (1980).  Thus, a state trial court's failure to give the jury an instruction on a lesser included offense in a non-capital case is not contrary to, or an unreasonable application of, clearly established federal law as required for federal habeas relief.  *Beck* has been interpreted by the Sixth Circuit to mean that "the [federal] Constitution does not require a lesser-included offense instruction in non-capital cases." *Campbell v. Coyle,* 260 F.3d 531, 541 (6th Cir. 2001).  Thus, the failure of a state trial court to instruct a jury on a lesser included offense in a non-capital case is not an error cognizable in federal habeas review.  *See Scott v. Elo,* 302 F.3d 598, 606 (6th Cir. 2002); *Bagby v. Sowders*, 894 F.2d 792, 797 (6th Cir. 1990).

4

The Michigan Court of Appeals' determination that a lesser included offense instruction regarding the misdemeanor offense of assault and battery was not warranted under state law in petitioner's trial was not contrary to, nor an unreasonable application of, Supreme Court precedent, and thus does not support federal habeas relief.  *See Worden v. McLemore,* 200 F. Supp. 2d 746, 756 (E.D. Mich. 2002).  Petitioner is not entitled to habeas relief on his claim.

**B.  Claim # 2:  <u>The claims involving the legality of petitioner's arrest and defects in his arraignment</u>.**

Petitioner next contends that his conviction should be set aside because he was illegally arrested by the police and his arraignment on the warrant was defective.

"An illegal arrest, without more, has never been viewed as a bar to subsequent prosecution, nor as a defense to a valid conviction." *United States v. Crews*, 445 U.S. 463, 474 (1980).  The Supreme Court has held that "the 'body' or identity of a defendant or respondent in a criminal or civil proceeding is never itself suppressible as a fruit of an unlawful arrest, even if it is conceded that an unlawful arrest, search, or interrogation occurred.*" INS v. Lopez-Mendoza*, 468 U.S. 1032, 1039 (1984).  Although the exclusionary rule prohibits the introduction at trial of evidence that was seized in violation of the Constitution, a criminal defendant "is not himself a suppressible 'fruit,' and the illegality of his detention cannot deprive the Government of the opportunity to prove his guilt through the introduction of evidence wholly untainted by the police misconduct." *Crews*, 445 U.S. at 474.  Petitioner does not point to any evidence other than his own body that was seized during this allegedly unlawful arrest.  Thus, the mere fact that petitioner may have been arrested without probable cause would not prevent him from being prosecuted and convicted of this offense.

Petitioner next claims that his conviction should be set aside because he was not

5

appointed counsel to represent him at his arraignment on the warrant on the criminal complaint.

In Michigan an arraignment on the warrant is not considered a critical stage of the proceedings for which counsel is required by the Sixth Amendment to the Constitution. *See Lundberg v. Buchkoe,* 389 F.2d 154, 158 (6th Cir. 1968). This is especially so in the absence of any evidence that the petitioner made an incriminating statement at the arraignment on the warrant, entered a plea of guilty, or lost or waived any defense. *See id.; Doyle v. Scutt,* 347 F. Supp. 2d 474, 481 (E.D. Mich. 2004). Petitioner has not alleged that he made any incriminating statement at his arraignment on the warrant or that he lost any available defenses by not pleading them at his arraignment on the warrant. Thus, he is not entitled to habeas relief on this claim.

Petitioner next argues that his *Miranda* rights were not given to him at his arraignment on the warrant. A review of the arraignment transcript does show that the magistrate judge failed to advise petitioner of his *Miranda* rights at the time he was arraigned on the charges. Although petitioner was not advised of his right to remain silent at the arraignment, petitioner was not prejudiced because he did not make any incriminating statements at the hearing. Therefore, he is not entitled to habeas relief on his second claim.

**C. Claim # 3: <u>The ineffective assistance of counsel claim.</u>**

Petitioner claims that he was deprived of the effective assistance of counsel at the preliminary examination. Respondent contends that this claim is procedurally defaulted because petitioner raised it for the first time in his post-conviction motion and failed to show cause and prejudice for failing to raise this claim in his appeal of right, as required by MCR 6.508(D)(3).

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless petitioner can demonstrate "cause" for the default and

actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). If a petitioner fails to show cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). However, in an extraordinary case, where a constitutional error has probably resulted in the conviction of one who is actually innocent, a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. *See Murray v. Carrier*, 477 U.S. 478, 479-80 (1986).

The Supreme Court has noted that "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on the procedural bar." *Harris v. Reed*, 489 U.S. 255, 263 (1989). If the last state court judgment contains no reasoning, but simply affirms the conviction in a standard order, the federal habeas court must look to the last reasoned state court judgment rejecting the federal claim and apply a presumption that later unexplained orders upholding the judgment or rejecting the same claim rested upon the same ground. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).

Michigan Court Rule 6.508(D)(3) provides that a court may not grant relief from judgment if the motion alleges grounds for relief which could have been raised on direct appeal, absent a showing of good cause for the failure to raise such grounds previously and actual prejudice resulting therefrom. For purposes of a conviction following a trial, "actual prejudice" means that "but for the alleged error, the defendant would have had a reasonably likely chance of acquittal." MCR 6.508(D)(3)(b)(I).

The Michigan Court of Appeals and the Michigan Supreme Court rejected petitioner's post-conviction appeal on the ground that "the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." These orders, however, did not refer to subsection (D)(3) nor did they mention petitioner's failure to raise his third claim on his direct appeal as their rationale for rejecting his post-conviction claim. Because the form orders in this case citing Rule 6.508(D) are ambiguous as to whether they refer to procedural default or a denial of post-conviction relief on the merits, the orders are unexplained. *See Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010). This Court must "therefore look to the last reasoned state court opinion to determine the basis for the state court's rejection" of petitioner's claim. *Id.*

In the present case, the Oakland County Circuit Court rejected petitioner's motion for relief from judgment, finding that petitioner had failed to show either good cause or actual prejudice, as required by MCR 6.508(D)(3). Because the trial court denied petitioner post-conviction relief based on the procedural grounds stated in MCR 6.508(D)(3), petitioner's post-conviction claim is clearly procedurally defaulted. *See Ivory v. Jackson,* 509 F.3d 284, 292-93 (6th Cir. 2007); *Howard v. Bouchard,* 405 F.3d 459, 477 (6th Cir. 2005). A federal court need not reach the merits of a habeas petition where the last state court opinion clearly and expressly rested upon procedural default as an alternative ground for denying relief, even if it also expressed views on the merits. *See McBee v. Abramajtys*, 929 F.2d 264, 267 (6th Cir. 1991).

With respect to his post-conviction claim, petitioner alleges ineffective assistance of appellate counsel as cause to excuse his procedural default. Petitioner, however, has not shown that appellate counsel was ineffective.

A criminal defendant does not have a constitutional right to have appellate counsel

8

raise every non-frivolous issue on appeal.  The United States Supreme Court has explained:

> For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every "colorable" claim suggested by a client would disserve the very goal of vigorous and effective advocacy that underlies *Anders*. Nothing in the Constitution or our interpretation of that document requires such a standard.

*Jones v. Barnes*, 463 U.S. 745, 754 (1983) (footnote omitted).  Moreover, a "brief that raises every colorable issue runs the risk of burying good arguments – those that, in the words of the great advocate John W. Davis, 'go for the jugular,' – in a verbal mound made up of strong and weak contentions." *Id.* at 753.

Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990).  In fact, "the hallmark of effective appellate advocacy" is the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail." *Smith v. Murray*, 477 U.S. at 536, *quoting Barnes*, 463 U.S. at 751-52.  "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome." *Monzo v. Edwards,* 281 F.3d 568, 579 (6th Cir. 2002).  Appellate counsel may deliver deficient performance and prejudice a defendant by omitting a "dead-bang winner," which is defined as an issue which was obvious from the trial record and would have resulted in a reversal on appeal.  *Meade v. Lavigne,* 265 F. Supp. 2d 849, 870 (E.D. Mich. 2003).

Petitioner has failed to show that appellate counsel's performance fell outside the wide range of professionally competent assistance by omitting his third claim.  Appellate counsel filed a brief on appeal which raised the first claim that petitioner presents in his habeas application. Petitioner has not shown that appellate counsel's strategy in presenting this claim and not raising

other claims was deficient or unreasonable.  Moreover, for the reasons stated by the Oakland County Circuit Court in its opinion and order denying post-conviction relief and by the Michigan Attorney General in his answer to the instant petition, petitioner's third claim was not a "dead bang winner."  Because the defaulted claim is not a "dead bang winner," petitioner has failed to establish cause for his procedural default of failing to raise his third claim on direct review. *See McMeans v. Brigano,* 228 F.3d 674, 682-83 (6th Cir. 2000); *Meade,* 265 F. Supp. 2d at 872.

Because petitioner has not demonstrated any cause for the procedural default of his third claim, it is unnecessary to reach the prejudice issue.  *See Smith*, 477 U.S. at 533; *Rowls v. Jamrog,* 193 F. Supp. 2d 1016, 1026 (E.D. Mich. 2002).  Additionally, petitioner has not presented any new reliable evidence to support any assertion of innocence which would allow this Court to consider his third claim in spite of the procedural default.

## IV. Conclusion

For the reasons stated above,

IT IS ORDERED that the petition in this matter for a writ of habeas corpus is denied.

IT IS FURTHER ORDERED that no certificate of appealability shall issue because petitioner has failed to make a  substantial showing of the denial of a constitutional right.

10

Civil Action No. 10-CV-10004

        IT IS FURTHER ORDERED that petitioner may not proceed on appeal *in forma pauperis* because an appeal in this matter could not be taken in good faith.

                                       _s/Bernard A. Friedman_____
                                       BERNARD A. FRIEDMAN
                                       SENIOR UNITED STATES DISTRICT JUDGE

Dated: November 30, 2012
       Detroit, Michigan

11